NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0165n.06

No. 12-5351

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Feb 13, 2013**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES H. LIMBRIGHT;<br>HENRY J. LIMBRIGHT, | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| GEORGE HOFMEISTER; KAY | ) | |
| RAMSEY HOFMEISTER; NELSON | ) | |
| CLEMMENS, Trustee of the George S. | ) | |
| Hofmeister Family Trust f/b/o Megan G. | ) | |
| Hofmeister; Trustee of the George S. | ) | |
| Hofmeister Family Trust f/b/o Scott R. | ) | |
| Hofmeister; Trustee of the George S. | ) | |
| Hofmeister Family Trust f/b/o Jamie S. | ) | |
| Hofmeister; MEGAN G. HOFMEISTER; | ) | |
| SCOTT R. HOFMEISTER; JAMIE S. | ) | |
| HOFMEISTER; DOUGLAS Q. | ) | |
| HOLMES, Trustee of the Megan S. | ) | |
| Hofmeister Irrevocable Trust; Trustee of | ) | |
| the Scott R. Hofmeister Irrevocable Trust | ) | |
| also known as John Doe, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

BEFORE: MARTIN, SUHRHEINRICH and GIBBONS, Circuit Judges.

**SUHRHEINRICH, Circuit Judge.** This appeal is the most recent development in a ten-year dispute between James H. Limbright and Henry J. Limbright ("Plaintiffs") to collect monies indisputably owed to them by George and Kay Hofmeister ("Defendants"), and now from their related entities. Plaintiffs have obtained multiple judgments against Defendants, and in the present

1

case, sought to reach Defendants' family trust, as well as the Hofmeisters' children and the childrens' trusts ("Supplementary Defendants"), in order to collect. Plaintiffs asserted theories of fraudulent transfer and alter ego.

On November 14, 2011, in a carefully reasoned opinion, the district court granted summary judgment in favor of Plaintiffs on the fraudulent transfer and alter ego claims, and ordered Defendants to pay the debt. On March 14, 2012, the district court issued a second order awarding attorneys fees and interest to the Plaintiffs. Defendants paid the principal of the debt, but refused to pay the fees. Defendants now argue that the district court (1) legally erred in issuing summary judgment on the fraudulent transfer and alter ego claims because there existed genuine issues of material fact, (2) erred in awarding attorney fees, and (3) erred in refusing to relieve the Supplementary Defendants from liability.

This court rejects Defendants' first argument because the undisputed facts on the record support summary judgment in favor of Plaintiffs. Defendants' second argument is also rejected because the language of the underlying Guaranty between the parties awards to the Plaintiffs attorney fees incurred in debt collection.

With respect to the Supplementary Defendants, Defendants have failed to provide any evidence to support their claim for relief under Federal Rule of Civil Procedure 60(b)(1)-(5). Furthermore, although Defendants argue that the Supplementary Defendants' credit reports will suffer from the judgment, this certainly falls short of the "unusual and extreme" requirement for relief under Rule 60(b)(6). *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Lastly, by making transfers to the Supplementary Defendants, Defendants themselves chose to put their children squarely in the middle of the dispute.

2

After hearing oral arguments and carefully reviewing the district court's opinion, the briefs, and the record, we conclude that summary judgment was appropriate. Accordingly, for the reasons stated in the district court's November 14, 2011 and March 14, 2012 opinions, we AFFIRM.